NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMIR MARTINEZ-DURAN,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | Nos. 13-73214<br>    15-73543<br><br>Agency No. A201-034-203<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Amir Martinez-Duran, a native and citizen of Mexico, petitions for review of

the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT") (No. 13-73214),

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and of the BIA's order denying his "motion to administratively close proceedings" (No. 15-73543).  We have jurisdiction under 8 U.S.C. § 1252.  We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petitions for review.

As to petition No. 13-73214, the agency properly denied Martinez-Duran's withholding of removal claim where he did not demonstrate that "Americanized Mexicans" constituted a cognizable particular social group.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016).  We do not consider the podcast referenced in Martinez-Duran's opening brief that is not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's denial of Martinez-Duran's CAT claim because he failed to show it is more likely than not he would be tortured by the Mexican government, or with its consent or acquiescence.  *See Silaya*, 524 F.3d at 1073.  We reject Martinez-Duran's contentions that the IJ and BIA erred in analyzing his CAT claim.

As to petition No. 15-73543, the BIA did not abuse its discretion in

13-73214

construing Martinez-Duran's motion for administrative closure as a motion to reopen where Martinez-Duran sought closure to pursue a possible I-601A provisional unlawful presence waiver. Martinez-Duran's motion was filed after a final administrative order had been entered, and, thus, there were no administrative proceedings to close. *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (the court reviews the BIA's ruling on a motion to reopen for abuse of discretion). Martinez-Duran does not otherwise challenge the BIA's order denying his motion.

**PETITIONS FOR REVIEW DENIED.**